```
                UNITED STATES DISTRICT COURT                JS6
                CENTRAL DISTRICT OF CALIFORNIA
                       SOUTHERN DIVISION


                     CIVIL MINUTES - GENERAL
```

Case No.: <u>CV 07-3772 AHS (FMOx)</u>            Date: <u>June 11, 2009</u>

Title:     <u>Ahn Ly v. Gateway Business Bank, et. al.</u>
================================================================

**PRESENT**:        HON. <u>**ALICEMARIE H. STOTLER**</u>, U.S. DISTRICT JUDGE

            <u>Nancy Boehme</u>                 <u>Not Present</u>
            Deputy Clerk                   Court Reporter

**ATTORNEYS PRESENT:**  None present

**PROCEEDINGS:**    (IN CHAMBERS) ORDER DISMISSING ACTION FOR LACK OF
                    JURISDICTION

I.      **Procedural Background**

        A Second Amended Complaint was filed April 20, 2009, with leave of Court. The claims therein may be summarized as: (1) fraudulent omissions; (2) violation of California's Unfair Competition Law (UCL) in Business and Professions Code § 17200; (3) breach of contract; and (4) tortious breach of the implied covenant of good faith and fair dealing. The previous complaint included a federal claim for violations of the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA").

        On May 15, 2009, the Court issued an Order to Show Cause Why the Action Should Not Be Dismissed without Prejudice for Lack of Jurisdiction, citing the absence of any federal question. Plaintiff's response was due May 29, 2009, but none was filed. On June 5, 2009, defendants responded, urging the Court to exercise jurisdiction over the case.

II.     **Defendants' Grounds for Exercise of Jurisdiction**

        Defendants contend that the Court has and should exercise supplemental jurisdiction over the remaining claims in the Second Amended Complaint because: (1) substantial resources have been devoted to the case; (2) there is certainty as to how the state law claims should be decided; and (3) plaintiff is forum shopping.

Ahn Ly v. Gateway Business Bank, et. al.
CV 07-3772 AHS (FMOx)                                      June 11, 2009

First, defendants argue that there has been substantial investment in the case because plaintiff filed suit more than 24 months ago and the Court has expended substantial resources on it.  See Schneider v. TRW, Inc., 938 F.2d 986, 993-94 (9th Cir. 1991).  Second, defendants argue there is certainty as to how plaintiff's state law claims should be decided because the state law claims now asserted are substantively identical to the federal TILA claim that the Court dismissed in the First Amended Complaint.  See Mauro v. S. New England Telecommc'n, Inc., 208 F.3d 384, 388 (2d Cir. 2000) (finding no abuse of discretion in exercising supplemental jurisdiction after dismissing sole federal claim).  Mauro found that where a court granted summary judgment on the federal claim, it did not abuse its discretion to rule on the remaining state claims because dismissal of those claims would not have promoted judicial efficiency and because the claims did not require the district court to resolve novel issues of law.  Id.  Defendants argue that, like Mauro, the fraudulent omissions, unfair competition, breach of contract, and breach of the implied covenant of good faith and fair dealing are claims that are not novel or unsettled.  Third, defendants argue that plaintiff is forum shopping because she knows that the Court is likely to rule against her.  Paolo RR Yard PCB Litig. v. Se. Penn. Transp. Auth., 35 F.3d 717, 737-38 (3d Cir. 1994).  In Paolo, the plaintiffs dropped their federal claims after six years of litigation and after the district court granted summary judgment against them.  Id. at 738.  Paolo found that the plaintiffs may have been forum shopping and the court could consider that as a factor in deciding to retain supplemental jurisdiction.  Id.  The appeals court found that the court did not abuse its discretion in exercising supplemental jurisdiction.  Id.  Here, defendants argue that plaintiff is forum shopping because she believes the Court will rule against her after its last ruling in related cases.

**III.      The Court Declines to Exercise Supplemental Jurisdiction over Plaintiff's Second Amended Complaint**

The Court's discretion to exercise supplemental jurisdiction is governed by 28 U.S.C. 1367(c), which provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over

Ahn Ly v. Gateway Business Bank, et. al.
CV 07-3772 AHS (FMOx)                                    June 11, 2009


            which it has original jurisdiction, or (4)
            in exceptional circumstances, there are
            other compelling reasons for declining
            jurisdiction.

Generally, a court will decline supplemental jurisdiction if the underlying federal claims are dismissed before trial. 13 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 3567.3 (3d ed. 2008); see also Alvarado v. Bratton, 484 F. Supp. 2d 1110, 1115 (C.D. Cal. 2007), overruled on other grounds, 299 Fed. Appx. 740 (9th Cir. 2008). This is because the parties and the court have usually not made a substantial investment in the case. Multi Denominational Ministry of Cannabis and Rastafari, Inc. v. Gonzales, 474 F. Supp. 2d 1133, 1148 (N.D. Cal. 2007). Here, the first three of the four factors in Section 1367(c) point to declining the exercise of jurisdiction.

        In this case, the second motion to dismiss (currently the third such motion is set for hearing on June 22, 2009) consisted of a stipulation between the parties to be guided by the Court's rulings in two related cases, which is less of an investment than filing a fully-briefed motion. The case is in an early procedural stage, notwithstanding the duration of its pendency. The Court does not agree that there is certainty as to how the state UCL claim should be decided because, the most recent decision notwithstanding, California law regarding unfair competition claims cannot be said to be fully settled following the enactment of Proposition 64.[1] Lastly, unlike Paolo, there is insufficient evidence for the Court to declare that plaintiff is engaging in forum shopping. Unlike Paolo, Ly has not been litigated for six years and has not required a comparably large investment of party and court resources.

        It is noted that the Court may not dismiss a claim where it is completely preempted by federal law. Funkhouser v. Wells Fargo Bank, 289 F.3d 1137, 1141 (9th Cir. 2002). Both defendants' response and motion argue that TILA regulations preempt the state law claims. It is not the case, however, that defendants were incorporated under Home Owners' Loan Association or the National Bank Act. There is no showing of TILA

---

        [1] The Court takes judicial notice of the California Supreme Court's recent ruling in In re Tobacco II Cases, No. S147345, 2009 WL 1362556 (Cal. May 18, 2009), which addresses class treatment and standing requirements for claims brought pursuant to Cal. Bus. & Prof. Code § 17200 et seq.

<u>Ahn Ly v. Gateway Business Bank, et. al.</u>
<u>CV 07-3772 AHS (FMOx)</u>                                           June 11, 2009

preemption.  Thus, the Court may proceed to dismiss the state law claims because they are not preempted by federal law.

**III.**     **<u>Conclusion</u>**

The Court declines to exercise supplemental jurisdiction over the Second Amended Complaint which, as defendants recognize, alleges solely state law claims.  The state law claims not only predominate, there is no remaining federal claim, and at least one state law claim remains, which may be novel if not complex.  While the Court cannot say whether plaintiff is forum shopping, the case is procedurally at a relatively early stage notwithstanding how long it has been pending.  Accordingly and for the foregoing reasons, the Court orders the action dismissed without prejudice.

The Clerk shall serve this minute order on counsel for all parties in this action.